IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JESSICA COVEY McALLISTER,

        Petitioner,

    v.

STUART GUY McALLISTER,

        Respondent.

No. 03:13-cv-00658-AC

OPINION & ORDER

Bradley C. Lechman-Su
Lechman-Su & Quach PC
1 SW Columbia Street, Suite 1800
Portland, OR 97258

    Attorney for Plaintiff

/ / /

/ / /

/ / /

/ / /

/ / /

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Petitioner Jessica McAllister and Respondent Stuart McAllister are married with three young children. The family had lived in Fohren, Germany since March 2012, where Petitioner was stationed with the United States Air Force. In November 2012 over Thanksgiving, Respondent and the children left Germany for Oregon. Petitioner did not consent to the children's move from Germany. In December 2012, Respondent filed a state court action in Wasco County, Oregon to dissolve the marriage. Respondent was granted temporary custody until the divorce is finalized.

Petitioner filed a petition in this court, under the International Child Abduction Remedies Act, 42 U.S.C. § 11601 et seq., for the return of the children to their prior residence in Germany. Currently before me is Petitioner's request that a temporary restraining order ("TRO") *ne exeat* issue so that the children's current place of residence with Respondent in the Dalles, Oregon will not change while the petition is pending. Petitioner seeks this TRO *ex parte*. I deny the request for a TRO *ne exeat* because Petitioner has not made a showing of immediate and irreparable harm.

## STANDARD

Under Rule 65(b) of the Federal Rules of Civil Procedure, a TRO may issue without notice to the opposing party or its attorney, only if the movant shows (1) through "specific facts in an affidavit or a verified complaint" that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition", and (2) that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

/ / /

2 - OPINION & ORDER

## DISCUSSION

Petitioner has not met her burden to obtain a TRO because there is no showing that immediate and irreparable injury, loss, or damage will occur. Respondent, who resides with the children in Oregon, has already been given temporary custody of the children in the ongoing state action. There is no evidence that Respondent is likely to remove the children from Oregon or hide the children from Petitioner. Petitioner only argues that the TRO will prevent disruption of the children's lives by ensuring that they remain in Oregon while the petition is resolved. This argument is an insufficient basis for a TRO. Furthermore, it seems that Plaintiff's request should be raised in the state court action because it implicates terms of custody.

## CONCLUSION

Based on the foregoing, Plaintiff's *ex parte* request for issuance of a TRO *ne exeat* (#3) is denied.

IT IS SO ORDERED.

Dated this 24 day of April, 2013.

MARCO A. HERNANDEZ
United States District Judge

3 - OPINION & ORDER